IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| ANSEL O. BELUE; JOHNNY LITTLE, ) <br> AS THE DULY APPOINTED PERSONAL ) <br> REPRESENTATIVE OF THE ESTATE OF ) <br> LINDA GAIL LITTLE; JOEL J. HILL; ) <br> AND JAMES W. LYLE, JR., AS THE ) <br> DULY APPOINTED PERSONAL ) <br> REPRESENTATIVE OF THE ESTATE ) <br> OF PEGGY JEAN REYNOLDS, ) <br>        Plaintiffs, ) <br>   vs. ) <br> AEGON USA INC.; LIFE INVESTORS ) <br> INSURANCE COMPANY OF AMERICA; ) <br> AND TRANSAMERICA LIFE INSURANCE ) <br> COMPANY, ) <br>        Defendants. ) | CASE NO. 7:08-CV-3830-GRA <br> ORDER |

This matter is before the Court to review the *pro hac vice* status of Irma Reboso Solares, Julianna Thomas McCabe, and Markham R. Leventhal. These three attorney's are members of the law firm Jorden Burt LLP, and members of the Florida Bar. After conducting a hearing on this matter, the Court revokes the *pro hac vice* status for these attorneys.

The United States Supreme Court has long recognized that the Fourteenth Amendment does not provide an out-of-state

attorney the right to practice in a particular jurisdiction. *See Leis v. Flynt*, 439 U.S. 438, 99 S.Ct. 698 (1979). Such a policy is expressed in the District of South Carolina local rules which provide that "[t]he Court may revoke admission under this Local Civil Rule at its discretion." 83.I.05 (B).

After a review of the record, the Court finds numerous grounds exist to revoke counsel's *pro hac vice* status in this case. First, the Court finds that the defendants' motion for recusal is inappropriate, dilatory and without a valid basis. Nothing presented in that motion even remotely demonstrates bias against the defendants. First, the Court's investigation into the Arkansas settlement matter was appropriate. The proposed award of 3.5 million dollars in attorney's fees and the recovery of forty cents on the dollar capped at $15,000 for class members justifies this inquiry. The fact that class action certification was rejected by Federal District Judge Susan Weber

Wright and re-filed shortly thereafter in a state court divesting the federal court of jurisdiction made an inquiry into this settlement necessary to ensure that the interests of absentee class members were protected.  In addition, this settlement was brought into question by the plaintiffs and was one of the issues specifically before the Court during the July 22, 2009 hearing. The assertion that it was inappropriate for the Court to examine the validity of the plaintiff's argument is simply absurd.

Expedited certification proceedings were clearly not designed to benefit the plaintiffs, but instead to drive this otherwise stagnant litigation.  In fact, the Court specifically reminded the plaintiffs that they did not represent the people of South Carolina, but instead only their individual clients.  This expedited schedule did not harm the defendants in any way.

Finally, the commentary regarding Judge Susan Weber Wright who denied the defendant's class settlement in no way

prejudiced the defendants. Judge Wright had previously denied class certification in a case to which the defendants were a party. *See Pipes v. Life Investors Ins. Co. of America*, 254 F.R.D. 544 (E.D. Ark. 2008). When the parties in *Runyon* refiled their class action settlement they chose to avoid her courtroom and file their multi-million dollar nationwide class action settlement in an Arkansas state court. No explanation was offered for this unusual procedure. Also, during the proceeding, the Court expressly acknowledged the fact that Judge Wright was not at issue in this case. Tr. 5:5-20 (July 13, 2009). Finally, none of the comments made by this Court relate to this case. Instead these comments expressed strong professional disagreement with Judge Wright's handling of the proceedings involving former President Clinton and the eighteen month incarceration of Susan McDougal, a former business partner of the President who refused to testify before a grand jury. The Court finds that the

Motion to Recuse was completely disrespectful, without merit, dilatory and based on groundless accusations. *See* S.C. Dist. Ct. Local R. 7.09 (stating "[w]here the Court finds that a motion is frivolous or filed for delay, sanctions may be imposed against the party or counsel filing such motion.").

The Court also finds that counsel does not know the local rules. The defendants were given until 9 a.m. on July 21, 2009 to file their response to the plaintiffs motion for class certification. At 7:43 a.m. on July 21, 2009, a motion was filed requesting leave to file pages in excess of the thirty-five page limit established by the local rules. S.C. Dist. Ct. Local R. 7.05(B)(1). This motion was subsequently denied. Such a last minute filing demonstrates a lack of knowledge of the local rules. A reply of appropriate length was not filed until well after the deadline. The Court has read and will consider this filing, however, it takes notice of the fact that it was late. The Court

also notes that the defendants failed to discuss their motions with opposing counsel in violation of Rule 7.02. Had the defendants practiced this simple act of civility it is entirely possible that many of the problems in this case could have been avoided.

The Court also notes that many of the filings and arguments asserted by counsel are not offered in good faith, and appear to conflict with South Carolina's doctrine of judicial estoppel. "Judicial estoppel" precludes one from adopting position that conflicts with one previously taken in the same or related litigation. *Cothran v. Brown*, 350 S.C. 352, 566 S.E.2d 548 (Ct. App. 2002). As the defendants are attempting to convince the Court that nationwide certification is proper in *Runyon*, they are also attempting to convince the Court that a state wide class certification is not proper in this case. As one encompasses the other to a significant degree, this is improper and inconsistent.

Though the Court acknowledges, that there are elements of Federal Rule of Civil Procedure 23 which are reasonably debatable and case specific, such as numerosity and typicality, the Court finds that many of the arguments asserted by the defendants are made in bad faith and are in direct conflict. For example, the defendants' argument that a class cannot be defined without individualized discovery is seemingly in opposition to their attempt to file for a nationwide class. This is also true with respect to the commonality. The defendants have repeatedly defended their nationwide class action, yet also assert that "commonality is lacking when a purported common question is subject to varying state laws." Def. Resp. in Opp'n to Pl's Am. Mot. for Class Certification, 21 (July 21, 2009). The defendants are arguing on both sides of the same issue. Such inconsistent pleadings are improper and typical of the dilatory tactics used by law firms specializing in "trouble spot"

jurisdictions.[1]

Additionally, the Court finds that the defendants' Emergency Motion to Vacate July 14, 2009 Scheduling Order, to Continue Class Certification Hearing, to Establish Class Discovery Period, and to Enter Supplemental Class Certification Briefing Schedule was not submitted in good faith. First, as a common sense observation, filing a nine page claim that due process rights have been violated because of an inadequate time to prepare is ridiculous when a party not only filed a motion on the matter, but filed a motion that greatly exceeded the maximum page limits allowed by the local rules. In addition to the other filings, the defendants filed a twenty-two page motion for recusal. Thus, the defendants were able to research write

---

[1] The online attorney profiles for Ms. McCabe and Mr. Leventhal note that they specialize in "trouble spot" jurisdictions including Florida, Mississippi, Alabama, and West Virginia. Jorden Burt, Attorney Profile of Markham R. Leventhal, http://www.jordenusa.com/attorney-profile-51.html (last accessed July 29, 2009) (attached as exhibit 1); Jorden Burt, Attorney Profile of Julianna Thomas McCabe, http://www.jordenburt.com/attorney-profile-79.html (last accessed July 29, 2009)(attached as exhibit 2).

and file a total of eighty-seven pages in the time period allowed by the Court. The defendants bear no burden of producing proof of class certification, so the slight shortening of their response period will not result in any prejudice. *See Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 321 (4th Cir. 2006) (noting "it is not the defendant who bears the burden of showing that the proposed class does not comply with Rule 23, but that it is the plaintiff who bears the burden of showing that the class does comply with Rule 23."). Finally, the defendants are in possession of the names and insurance policies at issue and had already gone through a nationwide class certification hearing in the Arkansas settlement. If any party was prejudiced by the expedited schedule, it was the plaintiffs because they bear the burden of showing the Court that they meet the standards set forth in Rule 23.

The court hereby revokes the *pro hac vice* status for the

attorneys admitted for this case because of the disappointing actions taken by counsel to prolong litigation. The Court notes that these filings case are in reaction to what the defendants wrongfully perceived as a potentially adverse decision.

THEREFORE, based on the foregoing the *pro hac vice* status of Irma Reboso Solares, Julianna Thomas McCabe, and Markham R. Leventhal is hereby REVOKED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July 29, 2009