UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Ansel O. Belue, Johnny Little, as the Duly Appointed Personal Representative of the Estate of Linda Gail Little, Joel J. Hill, and James W. Lyle, Jr., as the Duly Appointed Personal Representative of the Estate of Peggy Jean Reynolds, | ) ) ) ) ) ) ) ) | C/A No. 7:08-3830-GRA |
| Plaintiffs, | ) ) | |
| v. | ) ) ) ) | **ORDER** (Written Opinion) |
| Aegon USA, Inc., Life Investors Insurance Company of America, and Transamerica Life Insurance Company, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the Court for Plaintiffs' Renewed Motion for Injunctive Relief under the All Writs Act ("Renewed Injunction Motion") and Renewed Motion for Class Certification ("Renewed Class Motion"). For the reasons discussed herein, this Court DENIES the Injunction Motion and RESERVES JUDGMENT on the Class Motion.

**Background**

This case has an intricate and complex procedural history.

Plaintiffs filed this putative statewide class action in federal court on November 20, 2008, against Defendants Life Investors Insurance Company of

America ("Life Investors"), Transamerica Life Insurance Company ("Transamerica"), and AEGON USA, Inc.. Specifically, Plaintiffs allege that the policies at issue in this suit mandate that Life Investors pay the "actual charges" for covered treatments, services, and procedures for "Covered Persons" but do not define the term "actual charges." Until 2006, Plaintiffs allege Life Investors interpreted "actual charges" to mean the amount charged by the provider rather than the amount the provider accepted as payment from Medicare or private insurance. Plaintiffs claim that as of April 1, 2006, Life Investors has been improperly interpreting "actual charges" to mean the amounts actually accepted by providers, which is typically less than the amounts actually charged.

In their Second Amended Complaint, Plaintiffs brought claims for breach of contract, breach of implied duty of good faith and fair dealing, bad faith conduct, and declaratory judgment. In addition to asserting these allegations on behalf of themselves, Plaintiffs seek to be representatives of a class of similarly situated persons.

This suit is one of multiple actions filed against Defendants across the country regarding the interpretation of the term "actual charges" in their supplemental insurance policies. The first action filed, *Gooch v. Life Investors Insurance Co. of America*, No. 1:07-cv-00016 (M.D. Tenn. 2007) ("*Gooch*"), sought injunctive relief on behalf of a national class on March 30, 2007. The second action, *Smith v.Life Investors Insurance Co. of America*, No. 2:07-cv-00681 (Pa. Ct. C.P. 2007)

("*Smith*"), was filed shortly thereafter on April 12, 2007 in the Court of Common Pleas of Westmoreland County, Pennsylvania, on behalf of a statewide class of individuals covered under Life Investors' Pennsylvania supplemental cancer policies. Numerous additional statewide class actions were subsequently brought against the Companies, including *Pipes v. Life Investors Insurance Co. of America*, No. 1:07-cv-00035 (E.D. Ark. 2008).

On August 11, 2008, the Judicial Panel on Multidistrict Litigation ("MDL") denied a joint motion by Defendants to consolidate the multiple proceedings. *See In re Supplemental Cancer Ins. Litig.*, 571 F. Supp. 2d 1369, 1370 (J.P.M.L. 2008). On November 21, 2008, the day after Plaintiffs filed the instant case, a district court in the Eastern District of Arkansas denied class certification in *Pipes*. *See Pipes v. Life Invs. Ins. Co. of Am.*, 254 F.R.D. 544, 550 (E.D. Ark. 2008). However, on March 13, 2009, the council in *Pipes* filed a new action in the Circuit Court of Pulaski County, Arkansas, to seek approval of a Settlement Agreement on behalf of a national class. *See Runyan v. Transamerica Life Ins. Co.*, No. CV-09-2066-3 (Ark. Cir. Ct. 2009) ("*Runyan*"). Virtually all Plaintiffs in the above-captioned action opted out of the proposed Class Settlement. The Arkansas Circuit Court granted preliminary settlement approval on April 23, 2009.

On July 24, 2009, the Tennessee District Court in *Gooch* enjoined Defendants from pursuing final approval of the proposed class settlement in *Runyan*. Defendants filed a Motion for Emergency Stay of Injunction Pending Appeal with the U.S. Court

of Appeals or the Sixth Circuit, arguing, in part, that the injunction violated the Anti-Injunction Act. (*See* Defs.' Resp. to Pls.' Motion for Expedited Hr'g, Exhibit D, DE # 114-4.)

On July 27, 2009, this Court initially heard arguments regarding Plaintiffs' Amended Motion for Class Certification ("Initial Class Motion") and Plaintiffs' Emergency Motion for Injunctive Relief ("Initial Injunction Motion"). This Court denied Plaintiffs' Initial Injunction Motion because the order in *Gooch* enjoining the *Runyan* action made that motion moot. This Court specifically noted that it wanted to determine what would happen with the Tennessee litigation before moving forward. (*See* Tr. Show Cause Hr'g, July 27, 2009,, DE # 90.) By minute entry, this Court took Plaintiffs' Initial Class Motion under advisement.

On August 17, 2009, the Sixth Circuit stayed the Tennessee District Court's order in *Gooch* enjoining the proposed Class Settlement in *Runyan* pending a full appeal. (*See* Defs.' Resp. to Pls.' Motion for Expedited Hr'g, Exhibit E, DE # 114-5.) Additionally, on September 22, 2009, the Sixth Circuit denied a petition by the plaintiffs in that action requesting an *en banc* hearing regarding the stay. (*See* Defs.' Resp. to Pls.' Motion for Expedited Hr'g, Exhibit F, DE # 114-6.)

On October 19, 2009, this Court lifted a stay it had imposed in these proceedings pending the U.S. Court of Appeals for the Fourth Circuit's review of

two of this Court's orders.[1] This Court also granted the parties' Second Amended Scheduling Order because Defendants had employed new counsel. The expanded deadline was necessary, in part, to allow the Defendants' new counsel to get up to speed in the current case.

Because the Sixth Circuit stayed the *Gooch* injunction, the Arkansas state court scheduled final approval of the *Runyan* Class Settlement for November 9, 2009. This prompted Plaintiffs to file three motions: the Renewed Injunction Motion, the Renewed Motion for Class Certification, and a Motion for an Expedited Hearing. Contrary to the Local Rule 7.02 of this Court, Plaintiffs did not consult with opposing counsel before filing any of these motions, despite the fact that Defendants' counsel communicated with Plaintiffs counsel days before Plaintiffs filed the motions that are the basis for this order. (*See* Defs.' Resp. to Pls.' Motion for Expedited Hr'g, Exhibit A, DE # 114-1.) Surprisingly, this very type of behavior prompted this Court to revoke the *pro hac vice* status of former Defense council. Perhaps if Plaintiffs had consulted with Defendants they would have learned of the Sixth Circuit's stay of the *Gooch* injunction, which Defendants' new counsel brought to this Court's attention and which Plaintiffs did not mention anywhere in their pleadings. As this Court explained previously to the former Defense counsel: the

---

[1] On July 29, 2009, this Court revoked the *pro hac vice* status of certain Defendants' counsel, and denied a Motion to Recuse filed by those same attorneys. The Defendants appealed, and this Court stayed the case until the Fourth Circuit could resolve these issues. On October 9, 2009, the Fourth Circuit denied writs of mandamus as to both orders.

purpose for this Local Rule is "to let the other side know what you are doing so they can probably correct you." (Tr. Show Cause Hr'g, July 27, 2009,, DE # 90.)

Nonetheless, this Court granted Plaintiffs' Motion for an Expedited Hearing, held on November 6, 2009, regarding the Renewed Injunction Motion and the Renewed Motion for Class Certification to resolve issues that have been prevalent in this litigation for almost a year.

## **Discussion**

Plaintiffs' violation of this Court's Rules, standing alone, is enough for this Court to deny Plaintiffs' Motions and strike them from the docket. *See, e.g.*, Nwackukwu *v. Karl*, 223 F. Supp. 2d 60, 71 n.7 (D.D.C. 2002); *MCI Const., LLC v. Hazen and Sawyer*, P.C., 211 F.R.D. 290, 291-92 (M.D.N.C. 2002); *Murphy v. Barberino Bros., Inc.*, 208 F.R.D. 483, 484 (D. Conn. 2001); *Doe v. Nat'l Hemophilia Found.*, 194 F.R.D. 516, 519 (D. Md. 2000). However, this Court will address the merits of each Motion in turn.

A. Renewed Injunction Motion

Plaintiffs request that this Court enjoin the *Runyan* Settlement approval in Arkansas to prevent final approval of a nationwide class settlement. Plaintiffs argue that an injunction is appropriate under the All Writs Act because the nationwide class settlement deprives this Court of jurisdiction and is contrary to Fourth Circuit law that deals with interpreting the term "actual charges". Defendants counter that the Anti-Injunction Act bars this Court from enjoining the *Runyan* settlement

approval, and that because virtually all Plaintiffs in this case opted out of that settlement approval, the *Runyan* Settlement Agreement would not affect them.

The United States Supreme Court has ruled that a state court "may exercise jurisdiction over the claim of an absent [national] class-action plaintiff, even though the plaintiff may not possess the minimum contacts with the forum which would support personal jurisdiction over a defendant." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985). However, a plaintiff must receive notice, an opportunity to be heard, and an opportunity to opt out of the class proceedings. Those who opt out of a class settlement are not bound by the settlement court's actions. *See, e.g.*, *Reppert v. Marvin Lumber and Cedar Co., Inc.*, 359 F.3d 53, 57-58 (1st Cir. 2004); *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 43 F.3d 1069-70 (6th Cir. 1995); *Polk v. Montgomery County, Md.*, 782 F.2d 1196, 1202 (1985); *In re Corrugated Container Antitrust Litig.*, 756 F.2d 411, 418-19 (5th Cir. 1985). Whether notice of a settlement class comports with due process may be addressed in the state court's system, and ultimately with the U.S. Supreme Court upon certiorari. Additionally, a state's ruling on the due process issues related to a national class settlement is entitled to full faith and credit. U.S. Const. art IV, § 1. *See also D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Reppert*, 359 F.3d at 57 n.3.

Given the comity of state and federal courts in the eyes of the Constitution and the Supreme Court, it is axiomatic that federal courts should be cautious when

interfering in state proceedings. The Anti-Injunction Act creates a baseline rule that federal courts are prohibited from enjoining state court proceedings, unless the injunction falls within one of three specifically delineated exceptions:

- (1) the injunction is "expressly authorized by Act of Congress";
- (2) the injunction is "necessary in aid of [the court's] jurisdiction"; or
- (3) the injunction is necessary "to protect or effectuate [the court's] judgments."

28 U.S.C. § 2283; *Atl. Coast Line R.R. Co. v. Bd. Of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970).

Although the All Writs Act, 28 U.S.C. § 1651(a), confers "extraordinary powers" upon federal courts by authorizing them to enjoin parallel state court proceedings that threaten their jurisdiction, the language of the All Writs Act closely resembles that of the Anti-Injunction Act's second exception, and thus courts construe the two similarly. *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1203 (7th Cir. 1996). Therefore, given the strong prohibitions laid out in the Anti-Injunction Act, the Supreme Court has cautioned that courts should use the All Writs Act "sparingly and only in the most critical and exigent circumstances." *Wis. Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1306 (2004).

With respect to the "in aid of jurisdiction" exception, on which Plaintiffs primarily base their arguments, courts should only invoke this exception when "necessary to prevent a state court from so interfering with a federal court's

consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line*, 398 U.S. at 295.

In *In re American Honda Motor Co. Inc., Dealership Relations Litigation*, 315 F.3d 417 (4th Cir. 2003), the Fourth Circuit noted that "[t]he 'necessary in aid of its jurisdiction' exception to the Anti-Injunction Act is widely understood to apply most often when a federal court was the first in obtaining jurisdiction over a *res* in an *in rem* action and the same federal court seeks to enjoin suits in state courts involving the same *res*." *Id.* at 439. *See also Roth v. Bank of the Commonwealth*, 583 F.2d 525, 535 (6th Cir. 1978) (citing *Kline v. Burke Constr. Co.*, 260 U.S. 226, 230 (1922)) ("*in personam* actions in federal and state court may proceed concurrently, without interference from either court."). The Fourth Circuit noted it has been used in "school desegregation cases," and that "some courts have permitted injunctions against parallel state court proceedings" in the "multi-district litigation area." *In re Am. Honda Motor Co. Inc., Dealership Relations Litig.*, 315 F.3d at 439-40.

Plaintiffs' Renewed Injunction Motion fails to show the "critical and exigent circumstances" that warrant a federal court enjoining a state proceeding. First, as represented to the Court at the November 5, 2009, hearing, all but one Plaintiff in this action opted out of the national class settlement in *Runyan*, and will not be bound by any declarations or orders from the Arkansas state court. Accordingly, these Plaintiffs, and any others who opted out, may still proceed in this Court if the

national class settlement is approved. This hardly "impair[s] the federal court's flexibility and authority to decide [this] case." *Atl. Coast Line*, 398 U.S. at 295.

Second, this case does not fall within the "in aid of jurisdiction" exception, or any other exception, of the Anti-Injunction Act. The MDL denied consolidation in this action, and therefore it is unlike those rare cases in which the Fourth Circuit has found injunctions to be appropriate. This is an *in personam* action and this Court, which was not even the first federal court to obtain jurisdiction in the matter, shares concurrent jurisdiction with the Arkansas state court. It is extremely telling that the Sixth Circuit stayed the Tennessee District Court's injunction. The Tennessee District Court, which was one of the first federal courts to have jurisdiction in this matter, issued the inunction after hearing arguments nearly identical to those made before this Court.

Third, to the extent Plaintiffs attempt to allege deficiencies with the notice, this argument fails in at least two respects. One, the Arkansas state court has yet to approve the Class Settlement Agreement therefore any argument about deficiency in notice is not yet ripe for consideration. Two, Plaintiffs' arguments regarding the alleged due process failures of the notice provisions would probably be most appropriate on appeal in Arkansas state courts and not on collateral attack in a South Carolina federal court.

Fourth, Plaintiffs do not allege sufficient evidence that the Defendants have entered into a "collusive" settlement agreement. Although a federal court may enjoin

a state court when there is evidence of collusion, the evidence here is not enough to support a finding of collusion. *See, e.g.*, *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1099 (9th Cir. 2008); *Vallier v. Am. Fidelity Assurance Company*, 2008 WL 4330028, *4 (D. Kan. Sept.16, 2008). To be sure, this Court takes some issue with Defendants choosing to settle with the group in the weakest strategic position. Class action certification was rejected by federal District Judge Susan Weber Wright and re-filed shortly thereafter in a state court, essentially cutting the federal courts out of the picture. Additionally, the class members will recover approximately forty cents on the dollar capped at $15,000, while the attorneys will receive approximately 3.5 million dollars. However, this alone does not rise to the level of proving collusion, and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state court to proceed . . . ." *Atl. Coast Line*, 398 U.S. at 287.

B.  Renewed Class Motion

Plaintiffs request this Court certify a South Carolina class in this action. Plaintiffs claim they meet all the requirements for class certification as laid out in Federal Rule of Civil Procedure 23(a) and (b). Defendants, however, claim that Plaintiffs fail to establish any of the required elements of class certification. Additionally, Defendants argue that Plaintiffs' class certification is inappropriate at this time because additional discovery is necessary to comport with due process.

This Court has broad discretion in determining whether to certify a class. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 318 (4th Cir. 2006) (citing *Lienhart v. Dryvit Sys., Inc*., 255 F.3d 138, 146 (4th Cir.2001)). "[P]laintiffs bear the burden . . . of demonstrating satisfaction of the Rule 23 requirements and the district court is required to make findings on whether the plaintiffs carried their burden . . . ." *Id.* (quoting *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 370 (4th Cir. 2004)).

However, the Supreme Court has ruled that in order to ensure the judicial economy inherent in class actions, to protect the rights of the absent plaintiffs to present different claims from those common to the class, and to protect the right of defendants to present facts or raise defenses that are particular to individual class members, district courts must conduct a "rigorous analysis" to ensure compliance with Rule 23. *Id.* (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156, 161 (1982)).

At this point it is unnecessary to delve into the merits of Plaintiffs' Renewed Class Motion. On October 19, 2009, this Court granted a Second Amended Scheduling Order, submitted by *both* parties, because Defendants had employed new counsel. The expanded deadline was necessary, in part, to allow Defendants' new counsel to get up to speed in the current case, which includes conducting the rigorous discovery necessary to comport with the Supreme Court's guidance regarding class actions. Plaintiffs now ask this Court to shorten the very timetable

they agreed to expand. In order to protect the rights of the absent Plaintiffs, and to protect the right of Defendants to present facts or raise defenses that are particular to individual class members, this Court will reserve ruling until at least January 13, 2010, when all discovery is scheduled to be completed in this case.

This Court would like to note that Plaintiffs' renewed Class Motion and Memorandum in Support does little than merely restate the requirements of Rule 23 while claiming that Plaintiffs' putative class meets these requirements. The Court hopes that by the discovery deadline Plaintiffs do more to carry their burden of class certification than merely stating their putative class complies with Rule 23.

IT IS THEREFORE ORDERED THAT Plaintiffs' Renewed Motion for Injunctive Relief under the All Writs Act is DENIED.

IT IS FURTHER ORDERED THAT this Court will RESERVE RULING on class certification until at least January 13, 2010.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November 6, 2009
Anderson, South Carolina