UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Ansel O. Belue, Johnny Little, as the Duly Appointed Personal Representative of the Estate of Linda Gail Little, Joel J. Hill, and James W. Lyle, Jr., as the Duly Appointed Personal Representative of the Estate of Peggy Jean Reynolds,<br><br>Plaintiffs,<br><br>v.<br><br>Aegon USA, Inc., Life Investors Insurance Company of America, and Transamerica Life Insurance Company,<br><br>Defendants. | C/A No. 7:08-cv-3830-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court on the Motion of Defendants and their former attorneys in this action, Markham R. Leventhal, Irma Reboso Solares, and Julianna Thomas McCabe ("the Attorneys") to reconsider and vacate this Court's July 29, 2009, order revoking the *pro hac vice* status of the Attorneys ("Revocation Order"). For the reasons discussed herein, the Attorneys' Motion is denied.

**Background**

At a hearing on July 27, 2009, this Court revoked the *pro hac vice* status of the Attorneys due to their poor conduct and their failure to comply with the Local Rules. On July 29, 2009, this Court entered a written order explaining its decision

in detail. (*See* Revocation Order at 1-10, Dkt. No. 87.)[1] On September 1, 2009, the Attorneys petitioned the U.S. Court of Appeals for the Fourth Circuit for a writ of mandamus regarding the revocation of their *pro hac vice* status. However, on October 9, 2009, the Fourth Circuit denied this request without issuing a written opinion.

In the meantime, in August 2009, Defendants proceeded with new defense counsel, and on February 11, 2010, the new defense counsel settled this case with Plaintiffs and the Court entered an order of dismissal. Subsequently, on February 22, 2010, the Attorneys filed the instant Motion requesting that this Court reconsider and vacate its Revocation Order.

## **Standard of Review**

The Fourth Circuit has ruled that in cases where a party submits a motion to reconsider and does not refer to a specific Federal Rule of Civil Procedure, courts should consider that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order. *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992) (citing *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988)).

It is clear in this case that Rule 60(b) applies because the Motion is untimely under Rule 59(e). *See, e.g.*, *In re Burnley*, 988 F.2d at 3. Under the version of Rule 59(e) in existence before December 1, 2009, a party needed to file a motion to alter

---

[1] A copy of the Revocation Order is attached.

or amend no later than ten days after entry of the judgment at issue. *See* Fed. R. Civ. P. 59(e) (amended Dec. 1, 2009). Under the current version of Rule 59(e), a party needs to file a motion to alter or amend no later than twenty-eight days after entry of the judgment at issue. *See* Fed. R. Civ. P. 59(e).

Here, the Attorneys filed their Motion more than six months after this Court entered its Revocation Order. In a similar case under the former limitations period, a South Carolina district court found that a party had missed the deadline under Rule 59(e) when it filed a motion to reconsider approximately twenty days after the court entered the interlocutory order at issue. *See Ray v. Evercom Sys., Inc.*, No. 4:05-2904-RBH, 2006 WL 2475264, at *1 (D.S.C. Aug. 25, 2006). However, the Attorneys did file their Motion within the one-year limitations period that typically governs Rule 60(b). *See* Fed. R. Civ. P. 60(c)(1).

When making a motion under Rule 60(b), the party moving for relief "'must clearly establish the grounds therefor to the satisfaction of the district court,' . . . and such grounds 'must be clearly substantiated by adequate proof.'" *In re Burnley*, 988 F.2d at 3 (internal citations omitted). The Fourth Circuit reviews a district court's decision to deny a motion for reconsideration in such circumstances under an abuse of discretion standard. *Id.*

### Discussion

The district court's control over an attorney's *pro hac vice* status serves a critical function, especially in cases like these. A district court cannot afford to

abrogate its authority to out-of-state attorneys who reside more than seven hundred miles from the courthouse. Attorneys cannot be allowed to fly in, commit violations of the district court's rules, and fly back to their home offices with complete impunity.

Accordingly, the Attorneys' Motion fails to assert satisfactory grounds to compel this court to vacate or reconsider its Revocation Order. The Revocation Order did not put an end to the Attorneys' legal careers or even prevent the Attorneys from obtaining *pro hac vice* status in another South Carolina action. It merely outlined the Attorneys' actionable behavior.

A.  South Carolina Rules Afford a District Court Discretion to Revoke *Pro Hac Vice* Status

The Attorneys appear to allege that the district court failed to follow the Rules of Disciplinary Enforcement ("RDE") in the Local Civil Rules when revoking their *pro hac vice* status. The Attorneys misread the District of South Carolina's Local Rules.

The Attorneys seem to argue that under the Local Rules, when revocation of *pro hac vice* admissions are involved, the district court must refer the matter to the Chief Judge for investigation, and, if warranted, adjudication by a three-judge panel. *See* D.S.C. R. 83.I.08, Rule V(A), (E). However, the RDE Rule to which the Attorneys refer states that referral is only appropriate "[w]hen misconduct or allegations of misconduct . . . warrant discipline on the part of an attorney . . . and *the applicable procedure is not otherwise mandated by these Rules* . . . ." D.S.C. R. 83.I.08, Rule V(A) (emphasis added). In cases involving revocation of *pro hac vice*

status, the applicable Rule clearly states that a district court "may revoke admission under this Local Civil Rule *at its discretion*." D.S.C. R. 83.I.05(B).

This discretion is necessary for the proper running of the Court. It is impractical to stop the case at the command of an attorney filing a motion as this would bog the courts down in battling such motions.

Although the Fourth Circuit has not discussed this issue at length, at least one unpublished Fourth Circuit order denied a writ of mandamus when a district judge revoked an attorney's *pro hac vice* status for failing to attend court on the day a trial was scheduled. *In re Clark*, 861 F.2d 263 (4th Cir. 1988). This holding is in line with common sense. To allow anyone facing revocation of their *pro hac vice* status to stall the courts through numerous internal hearings would likely accomplish the very delay that prompted many of these attorneys to face discipline in the first instance.

In arguing that this Court improperly revoked their *pro hac vice* status, the Attorneys go on at length to explain that contrary to the Court's assertions, they know the Local Rules. The Court's issue with the Attorneys was less about their lack of knowledge of the Local Rules, and more about their utter lack of compliance with those Rules. That the Attorneys knew the Rules and knowingly violated them only makes the Attorneys' failures more heinous.

B. The Court Afforded the Attorneys Adequate Due Process

Assuming, arguendo, that the revocation of an attorney's *pro hac vice* status gives rise to due process concerns, the Court afforded the Attorneys in this case adequate due process.

The Supreme Court has ruled that the right of an attorney to appear *pro hac vice* before an out-of-state court "does not fall among those interests protected by the due process clause of the Fourteenth Amendment." *Leis v. Flynt*, 439 U.S. 438, 438 (1979). However, the Fourth Circuit, in one unpublished opinion, implied in a footnote that a district court should impose revocation of *pro hac vice* status "after prior notice and an opportunity to be heard." *In re Federal Sav. and Loan Ins. Corp.*, 852 F.2d 565 n.4 (4th Cir. 1988).

Although the Fourth Circuit has never discussed the contours of the specific procedure a district court must afford attorneys before revoking their *pro hac vice* status, the Third Circuit has discussed this issue in greater detail. *See Johnson v. Trueblood*, 629 F.2d 302 (3d Cir. 1980). With regard to notice, the Third Circuit held that flexibility is key. *Id*. at 303. "We therefore leave the form of the notice to the discretion of the district court with the limitation that it adequately inform the attorney of the basis upon which revocation is sought." *Id*. at 304.

As to the opportunity to be heard, the Third Circuit held that a full-scale hearing is not appropriate. *Id.* As the court explained, there are different requirements for disciplining in-state attorneys versus out-of-state attorneys. "[T]he

*pro hac vice* attorney's status as a member of the court is limited in time to one case, which places certain time constraints on the court." *Id*. Accordingly, the court merely required "that the attorney be given a meaningful opportunity to respond to identified charges." *Id*.

    i.    The Attorneys Received Adequate Notice

At a hearing on July 22, 2009, five days before the district court revoked the Attorneys' *pro hac vice* status, the undersigned adequately informed the Attorneys that their *pro hac vice* status was subject to revocation. (Tr. of Oral Argument, July 22, 2009, at 3-5, Dkt. No. 79.) The Court specifically took issue with the grounds upon which the Attorneys made their motions and with the voluminous and late filings made by the Attorneys. (*See id.* at 3-4.) *See also Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1113-114 (9th Cir. 2005) (holding that a district court could consider attorney's mistake in justifying revocation of *pro hac vice* status, even though court did not provide prior notice to attorney, because attorney himself was aware of his mistake).

Moreover, the Court informed the Attorneys that their *pro hac vice* admissions were not an absolute right and subject to revocation. (Tr. of Oral Argument, July 22, 2009, at 3.) The Court even allowed the Attorneys an opportunity to inquire about or to clarify any of the Court's grounds for potential revocation. After laying out the reasons for potential revocation, and warning Attorney Leventhal that he would be among the attorneys subject to *pro hac vice* revocation at the future hearing, the

undersigned specifically asked, "All right, anything else?" (*Id*. at 4.) There was no response to this question.

    ii.    The Attorneys Received Adequate Opportunity to Respond

Although the circuit courts that have discussed revocation of *pro hac vice* and its due process implications seem to agree that a hearing is unnecessary, the Court nonetheless granted the Attorneys an on-the-record hearing regarding revocation of their *pro hac vice* status. At the hearing, the Court gave the Attorneys ample opportunity to respond to the Court's charges against them. The undersigned delivered a lengthy explanation of the Attorneys' failures, including their tardiness, noncompliance with the Local Rules, and frivolous motions. (Tr. of Oral Argument, July 27, 2009, at 7-11, Dkt. No. 90.) At that point, the Court heard from the Attorneys and the Attorneys' counsel, Mr. Beattie B. Ashmore, before revoking the Attorneys' *pro hac vice* status. (*Id*. at 20-23.) The Attorneys and their counsel were given a meaningful opportunity to respond to identified charges.

## **Conclusion**

After a thorough review of the record, this Court finds that its prior decision was and is correct as a matter of law. *See Cross v. Bragg*, 329 Fed. App's 443, 452 (4th Cir. 2009) (affirming district court's denial of reconsideration motion because moving parties did not show the "exceptional circumstances" contemplated under Rule 60(b)). The Court's Revocation Order explained the basis for its findings at length. (*See* Revocation Order at 3-10.)

The Attorneys may take issue with some of the Court's rulings, but they fail to make the proper showing that there was insufficient evidence in the record to support the Court's findings. The Attorneys also fail to understand that no single violation or no single act of bad conduct prompted the district court to revoke the Attorneys' *pro hac vice* status, but as outlined in the Revocation Order, it was the combined effect of the Attorneys' improper conduct and disregard for the Local Rules. The Court appropriately revoked the *pro hac vice* status of the Attorneys. Consequently, this Court affirms its Revocation Order and denies the Attorneys' Motion.

IT IS THEREFORE ORDERED that the Motion to Reconsider and Vacate this Court's July 29, 2009 Order, filed by Defendants and their attorneys, Markham R. Leventhal, Irma Reboso Solares, and Julianna Thomas McCabe, is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

February 23, 2010
Anderson, South Carolina